# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO FELIX,<br><br>           Petitioner,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>           Respondent. | Case No. 5:25-cv-02453-JWH-ACCV<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' briefing, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge.[1]  The Court has engaged in a *de novo* review of those portions of the R&R to which Respondent Department of Homeland Security ("DHS") has objected.

The R&R recommends that habeas relief be granted prohibiting the re-detention of Petitioner Pablo Felix in the absence of notice and a hearing before an immigration judge at which the Government must justify Felix's detention by clear and convincing evidence.  DHS's objections to the R&R do not merit a different result.

DHS objects that the R&R erred in not dismissing this action for Felix's failure to prosecute.[2]  Specifically, DHS points out that Felix, following his release from immigration detention, did not respond to DHS's latest communications and did not update his contact information.[3]  "Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  The circumstances here were not extreme so as to warrant dismissal.  Notably, DHS is aware of Felix's updated contact information,[4] and DHS did not file a motion to dismiss this case for failure to prosecute.  Moreover, "in order for a court to dismiss a case as a sanction, the district court must consider five factors:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

[1]      Report and Recommendation (the "R&R") [ECF No. 42].

[2]      Resp.'s Obj. to R&R (the "Objection") [ECF No. 45] 2:3-5.

[3]      *Id*. at 2:6-10.

[4]      Status Report [ECF No. 41-1] 1:14-21.

drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  DHS has not argued, nor is it apparent to the Court, how those factors—when considered on the whole—weigh in favor of dismissal.  Most critically, "the public policy favoring disposition of cases on their merits counsels strongly against dismissal."  *Hernandez*, 138 F.3d at 399.

DHS objects that the R&R erred in recommending relief that extends beyond the scope of the relief that Felix requests in his First Amended Petition.[5] In the First Amended Petition, Felix claims a procedural due process violation.[6] In finding the claim meritorious and recommending relief on that claim, the R&R complied with the rule that "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed. R. Civ. P. 54(c); *see also Saltzman v. United States Dept. of the Interior*, 2025 WL 2840667, at *4 (D. Ariz. Oct. 7, 2025) ("Courts routinely construe a *pro se* plaintiff's pleadings liberally, including his prayer for relief.").

DHS objects that the R&R erred in recommending the remedy of a pre-detention hearing, for three reasons.[7]  First, DHS argues that the remedy of a pre-detention hearing impermissibly regulates the Executive Branch's Article II functions in future enforcement decisions.[8]  But DHS fails to explain persuasively how the provision of process—that the R&R finds is required by the Due Process Clause—impermissibly regulates the Executive.  "'Although the Supreme Court has described Congress's power over the "policies and rules for exclusion of aliens" as "plenary," and held that this court must generally

---

[5]    Objection 2:23-3:15.

[6]    First Am. Pet. [ECF No. 8] 6.

[7]    Objection 3:16-6:5.

[8]    *Id*. at 4:5-6.

"defer to Executive and Legislative Branch decisionmaking in that area," it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise." *Singh v. Bondi*, 2026 WL 375552, at *3 (W.D. Wash. Feb. 10, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990 n.17 (9th Cir. 2017)). "The executive branch's discretionary power does not allow for a deprivation of constitutional rights in execution of that power." *Id.* at *3.

Second, DHS argues that the recommended remedy flunks the Supreme Court's narrow-tailoring rule.[9] The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994). But the injunction here would serve its pin-pointed objective, which is to prevent Felix from being detained without pre-deprivation notice and a hearing, as he previously had been.[10] The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Under its broad mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention in the absence of constitutionally required process.

Third, DHS argues that the recommended injunction violates the rule against broad "obey-the-law" decrees.[11] The Ninth Circuit has "not adopted a rule against 'obey the law' injunctions per se." *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832, 852 n.9 (9th Cir. 2022). Such injunctions

---

[9]  *Id.* at 4:25-5:12.

[10]  R&R 7:13-16.

[11]  Objection 5:13-6:4.

are permissible if they "adequately describe the impermissible conduct," if they are "not impermissibly vague," or if they "provide[] a sophisticated actor[] with additional guidance for his future conduct." *Id.* The highly specific relief that the R&R recommends here, against a sophisticated Respondent, does not violate the rule.

For those reasons, the Court hereby **ORDERS** as follows:

1. The findings and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Judgment shall be entered **GRANTING** the First Amended Petition.

3. A writ of habeas corpus is **ISSUED** prohibiting Felix's re-detention in the absence of notice and a hearing before an immigration judge at which the Government must justify his detention by clear and convincing evidence.

**IT IS SO ORDERED.**

Dated: June 8, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-5-